**William A. SWEENEY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14901.**

United States Court of Appeals Seventh Circuit.

Oct. 21, 1965.

Edward H. Hickey, Chicago, Ill., for petitioner-appellant.

Steven L. Larson, William W. Brackett, Chicago, Ill., as amicus curiae.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Asst. U. S. Atty., Edward F. Kelly, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., for respondent-appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The United States Attorney has confessed error in this § 2255 [1] proceeding by reason of the district court's denial of petitioner's request for appointment of counsel. We reverse the judgment denying relief and remand for further proceedings.

1. 28 U.S.C. § 2255.

On April 18, 1963, upon advice of court-appointed counsel, petitioner, a first offender, pleaded guilty to, and waived indictment for, a violation of the Dyer Act, 18 U.S.C. § 2312. The district court imposed the maximum sentence of five years but suspended the sentence and placed petitioner upon probation for five years. On October 16, 1963, he was arrested in his home city of Worcester, Massachusetts, for violation of probation. Again, on advice of court-appointed counsel, he pleaded guilty on November 20, 1963, to the violation. Probation was revoked and since November, 1963, he has been serving the five year sentence for violation of the Dyer Act.

Petitioner filed this § 2255 proceeding *pro se* on May 22, 1964, alleging that a psychiatric examination should have been conducted before his trial for the Dyer Act violation in 1963, which would have disclosed that he was not criminally responsible at the time of the offense and not mentally competent to assist in his defense against the charge. The district court held a hearing on the *pro se* petition, denied request of petitioner and rejected the government attorney's suggestion for appointment of counsel. Denial of this request is the basis of the confession of error on authority of this court's decisions in Milani v. United States, 319 F.2d 441 (7th Cir. 1963), and Campbell v. United States, 318 F.2d 874 (7th Cir. 1963).

We decline to lay down the broad rule, urged upon us by the American Civil Liberties Union, amicus curiae, requiring appointment of counsel for indigent petitioners in aid of preparation and presentation of petitions in all § 2255 proceedings. We limit this decision to the confession of error and the facts in this case.

Petitioner argues that his probation was revoked unjustly. Because the further proceedings for which this cause is remanded could conceivably eventuate in the district court's consideration of a renewed motion for probation, we discuss briefly petitioner's argument. His probation was revoked because he violated a condition that he "refrain from the use of alcoholic beverages in any form, and * * * support his children to the best of his ability." It appears from the record that when probation was granted, the district court knew petitioner's history of chronic alcoholism, and had indications of its pathological nature. We think consequently the probation condition under the facts of this case, would be unreasonable [2] as impossible if psychiatric or other expert testimony was to establish that petitioner's alcoholism has destroyed his power of volition and prevented his compliance with the condition.

The judgment in this § 2255 proceeding is reversed and the cause remanded to the district court with directions to conduct a hearing of the petition with counsel appointed for petitioner. Questions of the furnishing of a transcript of the hearing of the Dyer Act violation, of "pre-trial" psychiatric examination under 18 U.S.C. § 4244, of leave to amend the § 2255 motion, and of medical and rehabilitative treatment of petitioner during probation should be addressed by motions of court-appointed counsel at ap-

---

2. In Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), the Supreme Court, in striking down a California statute which, as construed, made the "status" of narcotic addiction a criminal offense, illustrated why, on the record before us, we think the probation condition could be unreasonable: "It is unlikely that any State at this moment in history would attempt to make it a criminal offense for a person to be mentally ill, or a leper, or to be afflicted with a venereal disease. A State might determine that the general health and welfare require that the victims of these and other human afflictions be dealt with by compulsory treatment, involving quarantine, confinement, or sequestration. But, in the light of contemporary human knowledge, a law which made a criminal offense of such a disease would doubtless be universally thought to be an infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments." 370 U.S. at 666, 82 S.Ct. at 1420.

**12**

propriate stages of the proceedings on remand.

The court commends Mr. Edward H. Hickey, prominent member of the bar, for unselfish dedicated service in accepting appointment as counsel for petitioner on this appeal. Mr. Hickey's service was of the highest professional order.