Argued May 4, affirmed May 17, 1967

WALTER JAMES SOBOTA, *Appellant v.*
WILLIARD, *Respondent.*

427 P. 2d 758

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Helen B. Kalil,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

This is an appeal from a judgment which denied postconviction relief to a petitioner whose probation was revoked for drinking intoxicants in violation of the terms of his probation.

The first asserted error is that the sentencing judge knew the petitioner was an alcoholic, and therefore it was unreasonable to impose a condition that the petitioner refrain from drinking. The petitioner then argues that the imposition of an unreasonable condition followed by revocation for a predictable failure to comply with such a condition was an unconstitutional deprivation of liberty. The mere statement of such a proposition would seem to refute it, but for the case of *Sweeney v. United States,* 353 F2d 10 (7th Cir 1965), which held that it was unreasonable to impose as a condition of probation a requirement that an alcoholic refrain from drinking.

With all due respect to the court taking the contrary view, we are not prepared to hold, as a matter of law, that a sentencing judge may not impose as a condition of probation a requirement that a person refrain from drinking intoxicants. Whether the for-

bidden conduct is the product of illness or of a character disorder, the protection of society and the efficacy of probation both are jeopardized if probation does not include at least an attempt to cause the person to discontinue the kind of conduct which resulted in his conviction. In testing the reasonableness of conditions imposed as a part of a probation plan, it is necessary to bear in mind the various purposes sought to be served by probation as a substitute for penitentiary custody. The freedom of the individual is only one of the desiderata. Rehabilitation and public safety are others. ORS 137.510. *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964); *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964).

The use of probation as a means of rehabilitation would be severely restricted if sentencing judges were to be robbed of the discretion granted by ORS 137.540:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(1) Avoid injurious or vicious habits.

"(2) Avoid places or persons of disreputable or harmful character.

"(3) Report to the probation officer as directed by the court or probation officer.

"* * * * * *"

■ Promises are solemnly made in the courtroom with the advice of counsel to induce the court to grant probation. If an offender cannot be placed on probation on the condition that he refrain from doing the acts dictated by his particular character disorder, the use of probation will be sharply curtailed. Such a result does not commend itself to us, and is not dictated by anything in ORS 137.510 to 137.630.

The other point raised on appeal is equally lacking in merit. The petitioner, who was represented by counsel at his revocation hearing, admitted in open court that he had been drinking as alleged in the report which initiated the revocation proceedings. (His principal argument at the hearing was that he was a compulsive drinker.) He now contends that the trial court improperly considered the fact that while on probation he had also been convicted in a Washington court of driving while intoxicated. He contends that the Washington conviction is void because he was unrepresented by counsel.

We need not decide whether a collateral attack can be made in this court upon the judgment of a sister state on such grounds. Neither do we express an opinion upon the effect of a denial of counsel upon a conviction of a misdemeanor in our own courts. Such questions are reserved until they are presented in a case in which their resolution is necessary to a decision of the case.

The petitioner has admitted in open court that he had been drinking intoxicants while on probation. That fact alone provided an adequate basis for the revocation of the probation in this case. We therefore deem the foreign conviction surplusage and disregard it.

Affirmed.