436 P.2d 709

STATE of Idaho, Plaintiff-Respondent,

v.

Virgil G. OYLER, Defendant-Appellant.

No. 9946.

Supreme Court of Idaho.

Jan. 30, 1968.

**44**

McFadden & Park, St. Maries, for defendant-appellant.

Allan G. Shepard, Atty. Gen., Roger B. Wright, Deputy Atty. Gen., Boise, and Thomas G. Morris, Pros. Atty., for Benewah County, for plaintiff-respondent.

McQUADE, Justice.

This appeal from an order and judgment revoking probation and pronouncing sentence on appellant presents for our determination these questions:

Whether, at a hearing on a motion to revoke his probation, appellant could object for the first time to a probationary condition on the ground it was impossible for him to perform such condition?

If so, whether a probationary condition to "refrain [for one year] from the use of alcoholic beverages," if demanded of a person who is powerless to abstain from imbibing intoxicating liquor to excess, is so unreasonable that its violation cannot support revocation of the probation? And if so, does the record in the present action establish appellant as such a person?

April 12, 1966, fifty-year-old Virgil G. Oyler, appellant, of St. Maries, Idaho, pleaded guilty in the First (formerly Eighth) District Court, Benewah County, to the felony charge of driving a motor vehicle while under the influence of intoxicating liquor, a repeated offense. The district judge placed appellant, who was represented by counsel, on probation for one year. The probation order contained the following terms:

"The defendant will refrain from the use of alcoholic beverages, including beer, for a period of one year; he will not frequent taverns or other places where alcoholic beverages are served or consumed for one year; and he will not violate any city, state or federal statutes or ordinances."

No objection was then raised to those terms.

June 10, 1966, the prosecuting attorney of Benewah County filed a motion for order revoking appellant's probation. Incorporated in this motion is a letter (addressed to the district judge) from an Idaho State policeman stating appellant had been arrested and charged May 31, 1966, for again driving a motor vehicle while intoxicated.

Substantial evidence[1] that appellant had been drunk on May 31st was introduced at a hearing on the motion. Appellant's court-appointed attorney did not contest this evidence, but rather he attempted to prove appellant was an alcoholic, for whom excessive drinking was involuntary, uncontrollable conduct. To this end the attorney asked various prosecution witnesses if, from their personal knowledge or from community reputation, they knew appellant as a continuous drunk or alcoholic. Three witnesses gave pertinent testimony in response.

One witness said, "I have seen him [appellant] drunk numerous times," but "really wouldn't know" if appellant had a community reputation as an alcoholic. Another said he had heard appellant was "known as a drunk, an alcoholic, around town." St. Maries' police chief Donald B. Martin, who had known appellant approximately forty years, testified appellant "definitely" had "a general reputation in the area as being a common drunk." Martin said he had observed appellant intoxicated on "many occasions" during the preceding twenty-five or thirty years and estimated appellant had police problems four or five times a year because of drinking.

1. Appellant admitted he had been "drinking heavy" May 31st, "maybe twenty, maybe thirty [drinks]." A blood test administered several hours after appellant's arrest showed 0.32% alcohol. (0.15% or more creates a presumption of "under the influence of intoxicating liquor." I.C. § 49–1102(b)). The unanimous opinion of several witnesses who had seen appellant at about the time of the charged offense was he then had been intoxicated.

Appellant also testified concerning his problems with alcohol. He "admitted" he was a "chronic alcoholic," but said he had not considered himself such until his arrest on May 31, 1966. If leniency were granted, he said, he would seek professional help to cure his alcoholism. His testimony, however, contains several inconsistencies, perhaps even self-contradictions, regarding his ability to control drinking, to have just a few, during the month and a half of probation prior to May 31, 1966. In fact, it is impossible to determine from appellant's testimony whether he thought that after the first drink he sometimes was able to refrain from more.

The only medical evidence introduced is a letter from B. A. Rapp, M.D., of St. Maries. Dr. Rapp, who "intermittently" had treated appellant since 1954, wrote "I would definitely label this man as a chronic alcoholic."

Also in evidence is a summary of appellant's previous county jail record which lists (along with earlier offenses) ten offenses involving intoxication for the period October 31, 1960 to May 31, 1966.

The district judge made no finding determining if appellant suffered from some type or degree of alcoholism, but statements made by the judge at the hearing's end indicate he probably considered appellant to be a chronic alcoholic (he used that term).[2] Nevertheless, he determined that would not provide a sufficient excuse for appellant's conduct. The judge decided appellant had violated his probation, but he did not indicate what particular facet of appellant's conduct—drinking at all, drinking to intoxication, or driving while intoxicated—he considered to be the violation,

or which specific probationary condition had been violated. Here it should be noted appellant pleaded not guilty to a drunk driving charge founded on the episode of May 31, 1966, and that matter was still pending when we heard oral argument in this action. We must therefore assume the judge's determination was based on appellant's drinking in violation of the abstention condition, but, as mentioned, we cannot tell whether the judge so interpreted the condition that he would have revoked for one drink or only because of intoxication.

After the hearing, the judge revoked probation and sentenced appellant to the state penitentiary for a minimum of two years.

We begin our consideration of the trial court's order and judgment with these premises:

" 'the purpose of the probation statute is nothing more or less than rehabilitation' ";[3]

"the subject of the inquiry" at a hearing to consider revocation of probation is: "has he [probationer] in fact violated his probation agreement in a manner which demonstrates that he no longer deserves his circumscribed liberty?"[4]

Paraphrasing the matter just quoted: Imposition of a probation condition which is impossible of fulfillment by a certain probationer would be improper since not reasonably related to the purpose of probation, rehabilitation.

At the threshold, respondent contends appellant's acceptance of the probationary agreement estops him from now complaining that fulfillment of one of its terms was impossible for him. Respondent

2. "THE COURT: This particular case presents very squarely one of the major problems of society and our entire country and particularly in the State of Idaho now. The question is what and how do you treat and provide the treatment, how does society treat the chronic alcoholic * * *."

3. State v. Edelblute, 91 Idaho 469, 424 P. 2d 739, 749 (1967), quoting from separate

opinion of McQuade, J., in Franklin v. State, 87 Idaho 291, 307, 392 P.2d 552, 562 (1964). See State v. O'Dell, 71 Idaho 64, 225 P.2d 1020 (1950); cf. Model Penal Code § 301.1(2L) (Proposed Official Draft, 1962).

4. State v. Edelblute, 424 P.2d at 750, supra n. 3. Cf. Model Penal Code, § 301.3(1D) (Proposed Official Draft, 1962).

quotes from Franklin v. State:[5] "A defendant may decline probation when he deems its conditions too onerous, and demand instead that he be sentenced by the court. [Citing cases]."[6] However, the *Franklin* opinion in which that statement appeared reached a conclusion contrary to that suggested by the quoted statement, for the opinion implicitly holds a probationer may attack a condition of his probation after the probation's revocation. In fact, the opinion says in discussion of another opinion:

> "An examination of the Ohio decision indicates a premise that the accused accepted jail servitude as a condition of probation for which reason the Ohio court held ·that he could not complain thereof in a later habeas corpus proceeding. It must be pointed out however that probation is founded upon court order, and not upon acceptance."[7]

Harshly unrealistic would be a rule that by acceptance a probationer waives his standing to object to a probationary condition on grounds of its impossibility. A prospective probationer, desiring freedom, is in poor position to. challenge his liberator's discretionary conduct. Moreover, in the present action appellant claims he did not recognize and was unable to admit—even to himself—his alleged alcoholism until convinced of it by the drunken conduct which led to revocation.[8]

That a person may be powerless to abstain from more or less continuous drinking to excess of alcoholic beverages has been formally recognized by medical[9] and by legal authorities.[10] Knowingly to impose a probationary condition of total abstention upon such a person, and revocation of probation for his predestined failure to keep that condition, would be patently as vindictive as demanding a lame person run for his freedom;[11] and if during probation the judge were to discover probationer was such a person, it would be impermissibly unjust not to remove that condition.[12]

In the present action, had the district judge known of appellant's alleged powerlessness to abstain from drinking to excess, we question whether the judge would have imposed the probationary condition of present concern. Indeed, at the time probation was granted, appellant himself, according to his testimony, was not aware of his.

5. 87 Idaho 291, 392 P.2d 552 (1964).

6. Id. at 298, 392 P.2d at 555.

7. Id. at 302, 392 P.2d at 558.

8. Of course a different question would be presented had appellant deliberately suppressed facts material to his fitness for probation. See I.C. § 19–2607.

9. See, e. g., U.S. Dept. of Health, Education and Welfare, Alcoholism 1–2 (Public Health Service, 1965); National Institute of Mental Health, Alcohol and Alcoholism 5–7 (Public Health Service Publication No. 1640, 1967); cf. Idaho Dept. of Health, The Alcohol Problem in Idaho 13–22 (1966).

10. See Easter v. District of Columbia, 124 U.S.App.D.C. 33, 361 F.2d 50 (1966); Driver v. Hinnant, 356 F.2d 761 (4th Cir. 1966); Budd v. State of California, 385 U.S. 909, 87 S.Ct. 209, 17 L.Ed.2d 138 (1966) (dissenting opinion of Justice Fortas); (note the Supreme Court has granted review in a case presenting the question whether conviction of a chronic alcoholic for public drunkenness violates the Eighth Amendment, Powell v. Taylor, 389 U.S. 810, 88 S.Ct. 97, 19 L.Ed.2d 62 (October 10, 1967)); cf. 1947 Public Law 347 (rehabilitation of alcoholics in in the District of Columbia), 61 Stat. 744, c. 472, § 2, now codified as District of Columbia Code § 24–502; cf. I.C. §§ 67–3109, 67–3110, and 67–3115; see generally Hutt, The Changing Legal Approach to Public Intoxication, 31 Federal Probation 3:40 (September 1967); Note, 52 Cornell L.Q. 470 (1967); Note, 11 St. Louis U.L.J. 250 (1967); Guttmacher and Weihofen, Psychiatry and the Law,. 318–322 (1952).

11. See Sweeney v. United States, 353 F. 2d 10 (7th Cir. 1965); see also Robinson v. State of California, 370 U.S.. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). But see Sobota v. Williard, Ore., 427 P.. 2d 758 (1967).

12. Cf. Model Penal Code, § 301.2(2) (Proposed Official Draft, 1962). But cf. Sobota v. Williard, supra n. 11.

alleged alcoholism. Nevertheless, upon appellant's defense at the revocation hearing, it became incumbent on the judge to decide if the probationary condition was impossible of fulfillment by appellant. Such decision would have required considering whatever infirmities appellant proved were caused by his alleged alcoholism, and determining if those infirmities left appellant unable to fulfill the probationary condition. If the judge had decided appellant could not possibly perform the condition, then it would no longer be valid.

However, after a judge has granted probation, he retains jurisdiction during the probationary period,[13] and has continuing discretion to modify its conditions. Thus, upon discovering a probationary condition to be impossible of performance by a particular probationer, the judge may determine whether such condition is fundamental and whether the probationer is still, though unable to perform the condition, a fit subject for probation. After sound determination that a probationer could not possibly perform a fundamental condition of his probation, the judge has discretion to remove probation and pronounce sentence.

Concerning the question presented by this appeal with respect to the extent and characteristics of appellant's alleged alcoholism, the record is inconclusive. The judge's remarks at the hearing on motion to revoke probation do not constitute a precise finding on this question. The evidence is inadequate for this Court to resolve that question.

Therefore, we must remand to the district court for a hearing directed to whether appellant's alleged alcoholism makes impossible his performance of the abstention condition of his probation. If the court finds the condition impossible, and further determines compliance with

it to be fundamental to a proper probation for appellant, the court may reconsider whether appellant is a fit subject for probation. If, in the exercise of sound discretion the court finds he is not, it may pronounce sentence.

We are of course aware of the predicament of an Idaho district court faced with alternatives to free or to imprison a person totally addicted to alcohol. This dilemma exists because Idaho has no facilities to care medically for the chronic alcoholic. Human sympathy demands that our society recognize this problem and solve it by providing necessary institutions. However, as Justice Taylor suggests in his concurring opinion, the problem is for the legislature to resolve.

SMITH, and SPEAR, JJ., and NORRIS, D. J., concur.

TAYLOR, Chief Justice (concurring):

I concur in the conclusion reached. I agree that in case the district court determines that absention from alcoholic beverages is essential to a probation for appellant, then it would be proper for the court to commit him under the sentence pronounced. Until the legislature provides a different means for the rehabilitation of the chronic alcoholic, the courts must resort to incarceration as the only available remedy. I am not ready to agree that incarceration in such cases would constitute "cruel and unusual punishment."

If the district court should find upon the hearing to be conducted, that appellant's violation of parole consisted of driving an automobile while intoxicated, then the probation should be revoked and the judgment should be executed without regard to the question of whether appellant is incapable of refraining from using intoxicating beverages. In such case the incarceration

13. See Ex Parte Medley, 73 Idaho 474, 253 P.2d 794 (1953); cf. I.C. § 19-2601; State v. Edelblute, 91 Idaho 469, 424 P. 2d 739 (1967); Model Penal Code, § 301.2(2) (Proposed Official Draft, 1962).

would be punitive as well as rehabilitative. Violation of the statute making it a crime to drive an automobile while intoxicated cannot be excused by the courts whether or not the driver is capable of refraining from the use of intoxicants.