589 P.2d 116

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert W. MARTIN,
Defendant-Appellant.**

**No. 12591.**

Supreme Court of Idaho.

Jan. 12, 1979.

James McLaughlin, John T. Ramstedt, Coeur d'Alene, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Eugene Ritti, Deputy Atty. Gen., Boise, Robert H. Thompson, Coeur d'Alene, for plaintiff-respondent.

THOMAS, Justice Pro Tem.

The defendant-appellant, Robert W. Martin, appeals from a sentence of not to exceed five years imposed upon by the First District Court in and for Kootenai County on November 7, 1975. At the time of sen-

tencing, the presiding district judge suspended the execution of the sentence and placed the defendant on probation to the Idaho State Board of Correction for a period of five years subject to certain specific terms and conditions. The sentence was the result of a plea of guilty being entered in that court by Robert W. Martin, the defendant-appellant herein, on August 8, 1975, to a charge of driving under the influence of intoxicating beverages—a second offense, a felony.

Recognizing that the appellant had an alcoholic problem, the district court imposed three specific conditions of his probation which were related to this problem. Relevant to the appeal, were these conditions: First, that he continue to follow his current employment[1] and that if he became unemployed he was to surrender himself to the Kootenai County Sheriff within 48 hours; second, that he violate no law of the United States, State of Idaho, or political subdivision thereof; third, that the defendant obtain a doctor's prescription for the use of antabuse.

A few months later the appellant was charged by the Board of Correction with having violated the first and second conditions of his probation. Subsequently, a probation violation hearing was held, and on March 18, 1977, the appellant was found in violation of his probation. He, at that time, freely admitted the violation of leaving his employment and failing to report to the Sheriff as directed. The court found that appellant could not abide by the probationary conditions and that his record did not justify further leniency. The court then vacated the prior order suspending the execution of the sentence and ordered that the sentence be executed in full.

A preliminary question which should be considered is whether or not this appellant has standing to question the validity of the sentence imposed when he did not, within the time provided by law, appeal from the final judgment. This matter was touched upon briefly by both parties in their briefs and at oral argument. Inferentially, the case of *State v. Wagenius,* 99 Idaho 273, 581 P.2d 319 (1978), would indicate that a defendant has a right to test the legality of the sanction imposed by the court after a judgment of conviction, referring to I.C. § 19–2803 (repealed in 1977). While it is clear under Appellate Rules of Procedure 11(c)(6) the defendant has a right to appeal a probation revocation order, it is not so clear whether he can at this time attack, without a direct appeal, the propriety of probationary conditions imposed. However, tempted we may be to delve into the matter, in light of the final determination we make of the case, this question need not be considered further.

Appellant submits that failure by the sentencing court to take into consideration alternatives other than execution of the sentence in full is a matter which should be reviewed by an appellate court to determine if failure to do so is an abuse of discretion.

The heart of this case is the sentence which was imposed by the district court, but was suspended. The defendant was given the maximum five year sentence for the crime of driving while under the influence, a second offense. *See* I.C. § 49–1102(e). Obviously, that sentence did not seem to be excessive when it was suspended and the defendant placed on probation, but when it is imposed it must take on a different hue to the defendant.

As appellant admits, there is no improper action by the sentencing court when the sentence imposed is within the statutory limitations, *State v. Hawk,* 97 Idaho 1, 539 P.2d 553 (1975), but appellant would specifically have this Court modify his sentence either in permitting the sentencing court to retain jurisdiction for the first 120 days of said sentence or imposing some lesser penal time.

---

1. Appellant's employment apparently was important to the trial court since appellant's employer volunteered to monitor the antabuse program and appellant deemed his employer to be " . . . the closest I have had to having a father."

Appellant first asserts that the sentence is improper because the violation was minor, and that the magnitude of the violation should have been considered with greater weight by the sentencing court. Furthermore, the additional thrust of appellant's argument seems to center around the fact that the defendant-appellant was an alcoholic and all his problems stem from this "disease." On this question, the hallmark case is *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968), where this Court faced a similar problem. In the *Oyler* case, this Court remanded the matter back to the trial court to determine whether the condition of abstention from alcohol was a condition of probation that could be reasonably expected to be performed by the defendant in that case. It was also instructed to determine whether compliance with such a requirement was fundamental to a proper probation for the defendant. Impliedly, the court had found that abstention was a fundamental condition of probation but impossible to be performed by the defendant, thus, the query was whether the court was free to commit or incarcerate that defendant. The concurring opinion of Justice Taylor in the *Oyler* case, at page 47, 436 P.2d at page 713, had this significant comment:

> If the District Court should find upon the hearing to be conducted, that appellant's violation of parole consisted of driving an automobile while intoxicated, then the probation should be revoked and the judgment should be executed without regard to the question of whether appellant is incapable of refraining from using intoxicating beverages. In such case incarceration would be punitive as well as rehabilitative. Violation of the statute

making it a crime to drive an automobile while intoxicated cannot be excused by the courts whether or not the driver is capable of refraining from the use of intoxicants.

In reality it appears that appellant's questioning of the sentencing judge in failing to consider the lack of magnitude of the probation violation is the self-same question: that the court failed to take into consideration the underlying cause of the problem, that of alcohol. However, in this case the record is devoid of a showing of being the situation of a "chronic alcoholic." Apparently, the appellant would want himself to be considered in the position of a "status offender" such as evidenced in *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). The record does not sustain the fact that the defendant is an incurable addicted alcoholic. The psychological evaluation submitted to the court at its request indicated only that the defendant-appellant was an "impulsive drinker," which tendency could be curbed by antabuse treatment. The evaluation goes on to indicate that the defendant may now be properly motivated to change his style of living. Nowhere does the record indicate that appellant has developed to the situation that it may be said that his alcoholism is a "disease."[2] *Cf. Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

Impliedly, the defendant-appellant would have us believe that incarceration for the maximum sentence is an abuse of discretion because the court should have used other alternatives, *i. e.*, retained jurisdiction for the first 120 days of the sentence or some other sentence without defining what

---

2. "Furthermore, the inescapable fact is that there is no agreement among members of the medical profession about what it means to say that 'alcoholism' is a 'disease.' One of the principal works in this field states that the major difficulty in articulating a 'disease concept of alcoholism' is that 'alcoholism has too many definitions and disease has practically none.' This same author concludes that '*a disease is what the medical profession recognizes as such.*' In other words, there is wide-spread agreement today that 'alcoholism' is a 'disease,'

for the simple reason that the medical profession has concluded that it should attempt to treat those who have drinking problems. There the agreement stops. Debate rages within the medical profession as to whether 'alcoholism' is a separate 'disease' in any meaningful biochemical, physiological or psychological sense, or whether it represents one peculiar manifestation in some individuals of underlying psychiatric disorders." *Powell v. Texas, supra* at 522, 88 S.Ct. at 2149 (footnotes omitted, emphasis in original.)

would be accomplished thereby. I feel the comment of Justice Marshall, speaking for the majority of the Court in the *Powell* case, sets the dilemma that faces every court:

> One virtue of the criminal process is, at least, that the duration of penal incarceration typically has some outside statutory limit; this is universally true in the case of petty offenses, such as public drunkenness, where jail terms are quite short on the whole. "Therapeutic civil commitment" lacks this feature; one is typically committed until one is "cured." Thus, to do otherwise than affirm might subject indigent alcoholics to the risk that they may be locked up for an indefinite period of time under the same conditions as before, with no more hope than before of receiving effective treatment and no prospect of periodic "freedom."

Faced with this unpleasant reality, we are unable to assert that the use of the criminal process as a means of dealing with the public aspects of problem drinking can never be defended as rational. The picture of the penniless drunk propelled aimlessly and endlessly through the law's "revolving door" of arrest, incarceration, release and re-arrest is not a pretty one. But before we condemn the present practice across-the-board, perhaps we ought to be able to point to some clear promise of a better world for these unfortunate people. Unfortunately, no such promise has yet been forthcoming. If, in addition to the absence of a coherent approach to the problem of treatment, we consider the almost complete absence of facilities and manpower for the implementation of a rehabilitation program, it is difficult to say in the present context that the criminal process is utterly lacking in social value. This Court has never held that anything in the Constitution requires that penal sanctions be designed solely to achieve therapeutic or rehabilitative effects, and it can hardly be said with assurance that incarceration serves such purposes any better for the general run of criminals than it does for public drunks.

*Id.* at 529–530, 88 S.Ct. at 2152.

The action of the district court in imposing sentence after a probation violation is affirmed.

SHEPARD, C. J., McFADDEN and DONALDSON, JJ., and KRAMER, J. Pro Tem., concur.