EDWARD ROSSER, Appellant, *v.* VERNON G. HOUSE-WRIGHT, Director of the Nevada Department of Prisons, Respondent.

No. 14358

June 9, 1983                                    664 P.2d 961

---

*Thomas E. Perkins,* State Public Defender, and *Norman Y. Herring,* Special Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Ernest E. Adler,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted in 1976 of two counts of unauthorized signing of a credit card sales slip, a felony. Appellant, who had a serious alcohol problem, was intoxicated when he committed the offenses. Because of his drinking problem the district court suspended appellant's prison sentence and placed him on probation, with the special conditions that he totally abstain from the use of alcohol and participate in an alcohol treatment program. Appellant was unable to refrain from drinking and his probation was revoked for violation of the abstention condition.

Appellant was three times paroled from the Nevada State Prison, each time under a special condition of parole that he refrain from drinking. Each release on parole led to a revocation for violation of the abstention condition. Following the third revocation appellant filed the instant petition for writ of habeas corpus in the district court, challenging his incarceration as cruel and unusual punishment in violation of the Eighth Amendment. Appellant argued that he had been imprisoned solely because of his status as an alcoholic, since his parole was revoked solely for his allegedly uncontrollable use of alcohol. The district court found the petition to be without merit and ordered it dismissed. Appellant contends this was error. We disagree.

In support of his argument that his imprisonment for violation of the abstention condition amounts to imprisonment for alcoholic status or for a medical condition, appellant relies primarily on Sweeney v. United States, 353 F.2d 10 (7th Cir. 1965); and State v. Oyler, 436 P.2d 709 (Idaho 1968). Both the *Sweeney* and *Oyler* courts held it unreasonable, and implicitly in violation of the Eighth Amendment, to impose a probation condition of total abstention upon an alcoholic who is incapable of refraining from drinking.[1] The record before us does not conclusively establish that appellant is the type of alcoholic whose volition is destroyed and who cannot abstain from drinking, as opposed to the type who can abstain but is unable to stop drinking once he voluntarily takes the first drink. *See* Powell v. Texas, 392 U.S. 514, 522-26 (1968) (reviewing medical literature). Even if appellant is incapable of abstention, the imposition of the parole condition is not unreasonable, and his current incarceration does not constitute cruel and unusual punishment.

Several jurisdictions have considered the issue now before us and have declined to follow *Oyler* and *Sweeney,* holding that abstention conditions of probation are valid as reasonably related to the goal of rehabilitation of the alcoholic offender without the ultimate sanction of imprisonment. *See* Upchurch v. State, 184 N.W.2d 607 (Minn. 1971); State v. Sullivan, 642 P.2d 1008 (Mont. 1982); Sobota v. Williard, 427 P.2d 758 (Or. 1967). The abstention condition is a necessary incentive to

[1]The decisional law involving total abstention as a condition of probation applies with equal facility to abstention as a condition of parole, because probation and parole are almost functionally identical types of conditional release. *Cf.* Gagnon v. Scarpelli, 411 U.S. 778 (1973) (probation revocation procedures required by due process extended to parole revocation proceedings).

rehabilitation. Upchurch v. State, *supra.* Even the alcoholic probationer who demonstrates that he or she is powerless to abstain from drinking may be imprisoned, because the uncontrollable drinking coupled with the possibility of additional criminal conduct poses a threat to the interests of society. State v. Sullivan, *supra;* Sobota v. Williard, *supra.* Even *Oyler* indicated that an alcoholic offender who could not abstain could legitimately be imprisoned as the only alternative to a conditional liberty that might endanger society. *See* 436 P.2d at 713.

Furthermore, imprisonment of an alcoholic not because of his or her status, but because of a criminal offense committed while under the influence of alcohol, does not constitute cruel and unusual punishment. Powell v. Texas, *supra; see* Robinson v. California, 370 U.S. 660 (1962). By the same token, imprisonment for the original offense following revocation of parole or probation based on violation of a condition of abstention is not a punishment for status. *See* Jennings v. State, 89 Nev. 297, 511 P.2d 1048 (1973) (narcotic addiction); *see also* State v. Sullivan, *supra.*

We are persuaded that the decisions cited above which reject *Sweeney* and *Oyler* reflect the better view, and we hold that a condition requiring total abstention from alcohol while on parole is not per se unreasonable. Revocation for a violation of such a condition is permissible, as for any other failure to conform to the conditions of parole release. Even if appellant is utterly incapable of abstention, a fact by no means established by this record, his current imprisonment is based on his original conviction, not his status as an alcoholic. The imprisonment is necessitated by the interests of society, and is not unconstitutional.[2]

The order dismissing the petition for writ of habeas corpus is affirmed.

---

[2]Petitioner has misplaced his reliance on the Nevada Legislature's declaration that alcoholism should be treated as a health problem by the criminal justice system. Although the legislature has provided that certain alcoholics convicted of crimes traceable to their condition may have their sentencing deferred pending treatment, it has also provided that should treatment fail the alcoholic may be sentenced as would any other convicted offender. *See* NRS 458.250, 458.260, 458.310, 458.320, 458.330.