775 P.2d 128

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard Dean BADGLEY,
Defendant-Appellant.**

No. 17499.

Supreme Court of Idaho.

May 30, 1989.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

SHEPARD, Justice.

Defendant Richard Badgley was in effect charged with one count of possession of a controlled substance. Badgley was bound over to district court for trial and pled guilty. At the time for sentencing, the district court sentenced Badgley to ninety days in jail with credit for four days served with the remainder suspended, and a fine of $2,500.00 plus attorney fees. The court further placed Badgley on probation for a term of three years. The term of probation was conditioned upon the defendant providing information to the police department regarding his involvement in the instant criminal charge, and identification of others involved in the instant crime. The defendant refused to accept the last condition of probation and "appeals" that term of probation.

■ The State has made no objection to this appeal, nor has the State moved to dismiss the appeal. Nevertheless, the Court perceives that there remains a substantial question as to the appealability of the actions of the trial court. The impasse which resulted from the trial court requiring the defendant to disclose information, and the defendant's refusal to do so, has not been resolved by the trial court. Hence, we dismiss the appeal and remand to the trial court for further proceedings.

■ Solely for the purpose of providing guidance to the trial court, we address the concerns of the defendant and the State. In *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968), the Court had for consideration a somewhat similar situation. In *Oyler*, the probationary consideration was a court-imposed requirement that the defendant completely abstain from any use of alcohol. The defendant in *Oyler* was admittedly an alcoholic, and upon the probation revocation hearing, the probation was revoked.

Harshly unrealistic would be a rule that by acceptance a probationer waives his standing to object to a probationary condition on grounds of its impossibility. A perspective probationer, desiring freedom, is in poor position to challenge his liberator's discretionary conduct ...

We are of course aware of the predicament of an Idaho district court faced with alternatives to free or to imprison a person totally addicted to alcohol.

*Oyler*, 92 Idaho at 46–47, 436 P.2d at 712–713. In the instant case the same question as in *Oyler* is not present. Here the prospective probationer did not waive his standing to object to a condition on grounds of impossibility, but timely objected to the condition of probation essentially on grounds of impossibility of performance because of fears of physical harm. *See also State v. Sandoval*, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969) wherein the Court approved of the language of *Oyler* stating: "A condition of probation impossible of fulfillment is improper ... [a] defendant may decline probation, should he consider its terms too onerous, and demand instead to be sentenced by the court."

In the instant case the appellant asserts that the condition of probation that he disclose information is impossible to perform

because of the danger to him of retribution. The argument of appellant is buttressed by events allegedly resulting in the death of those who have in the past provided such information. We are unable to make any determination regarding those assertions by the defendant, and the record provides no indication that the sentencing court has adequately considered those assertions prior to imposing that condition of probation.

We conclude that the imposition of the particular condition of probation by the trial court is not per se erroneous when viewed in the light of the record before this Court. It is for the trial court to determine in the first instance whether the defendant's refusal to accept that condition of probation is reasonable or unreasonable under all the facts and circumstances. Thereafter, the trial court may, in its discretion, either remove that condition or may enforce that condition of probation and require the defendant to disclose the information. In the event that the condition is held to be reasonable and proper and defendant continues to refuse to accept that condition, the sentencing court is at liberty to allow withdrawal of the guilty plea, or if the defendant continues to assert a guilty plea the trial court may impose a new sentence under such terms and conditions as it deems appropriate. Dismissed and remanded.

BISTLINE and HUNTLEY, JJ., concur.

JOHNSON, J., concurs in the result.

BAKES, Chief Justice, concurring specially.

It may be more a matter of semantics than of substance; however, I would affirm the district court's judgment and sentence rather than dismissing the appeal and remanding to the district court for further proceedings as the majority opinion does. However, I do not disagree with what I believe to be the substance of what the majority opinion is saying.

Regarding the Court's dismissal of the appeal, the notice of appeal filed by the defendant Badgley was from the judgment of conviction and sentence entered against him on the 8th day of April, 1988, which judgment and sentence included the terms of probation discussed in the majority opinion. Under Idaho Appellate Rule 11(c)(1) an appeal can be taken to the Supreme Court as a matter of right from final judgments of conviction. Accordingly, I believe it is technically incorrect to dismiss this appeal. Rather, the judgment of the district court should be affirmed. However, the result is much the same, given the majority's statement that "the particular condition of probation by the trial court is not per se erroneous when viewed in the light of the record before this Court." *Ante* at 238, 775 P.2d at 130.

I believe we should affirm the judgment of conviction and sentence of the trial court. In the event that the trial court later attempts to revoke the probation of the defendant Badgley for failure to comply with the terms of the probation, *i.e.*, his failure to identify others that were involved in the instant crime, then at that point the trial court will have to make the determination for which the majority remands this matter to the district court to make, *i.e.*, whether or not "the condition is held to be reasonable and proper and defendant continues to refuse to accept that condition...." *Ante* at 238, 775 P.2d at 130. After such a probation revocation violation hearing and order, the issue would then be ripe and the record appropriately complete for this Court to review such a probation revocation order on appeal.

BISTLINE, Justice, specially concurring.

I

Justice Shepard has written, "In the instant case the appellant asserts that the condition of probation that he disclose information is impossible to perform because of the danger to him of retribution. The argument of appellant is buttressed by events allegedly resulting in the death of those who have in the past provided such

information." My assumption has been, and continues to be, that he makes reference to the case of Denise Williams, *deceased*, a foreseeable tragedy if ever there was one. While the facts and circumstances of that affair have only been partially revealed to us, as to everyone, by what is printed in the newspapers, we can read and we do know that her situation was apparently similar to the one which Judge Fuller toyed with creating here. Fortunately, he paused long enough to allow this Court to be brought into the act. But, I do not see that *we* are going to do anything constructive. For my part, I am not averse to doing so, and can do so rather easily.

Neighboring northern Idaho to the west is the state of Washington, a state with which we have much in common—for instance, becoming part of the United States at the same time. The state of Washington has an excellent judiciary. While I do not personally know Chief Judge Pearson, and Associate Judges Armstrong and Petrie, I know of them, and know them to be of the same high caliber as the judges who comprise our Court of Appeals. To my mind, this case before us is one that should have been assigned to our Court of Appeals which, as I understand it, handles the bulk of all criminal appeals. My understanding from the trial bench is that the Court of Appeals is highly regarded. The Court of Appeals, on seeing the decision of the Washington Court of Appeals dealing with exactly the same scenario, would have had an opinion out with no dilly-dallying.

## II

With those prefatory remarks out of the way, and because every justice in this building, including me, has a set of the Pacific Reporter, and had the luck of the draw assigned this case to me, I would open volume 529 to page 839, and quote the first four paragraphs from the opinion in *State v. Langford.* On further reflection, following instant replay, I will do so now, and avoid keeping any interested readers in suspense:

The appellant, Joyce Marie Langford, was convicted for the possession of heroin and sentenced to a prison term not to exceed 10 years. Prior to sentencing, the appellant's attorney advised the trial court that his young client had been cooperative with him, she was seeking vocational training, it was her first adult offense, and she has an infant son to care for. However, police reports indicated that Ms. Langford was a lower echelon supplier or retailer in a large drug distribution ring. On the basis of this latter information, the trial court offered her probation only on the condition that she reveal the identity of her sources. This condition was imposed in open court at the time of sentencing, and required an affirmative response from her in open court. The appellant contends that she was given an impossible choice—that out of fear for her personal safety she had no alternative but to reject the conditions of probation and serve a prison term. The appellant also argues that the court erred by failing to request a presentence investigation report.

Although review courts are hesitant to intervene in the sentencing process, there are circumstances in which such intervention is necessary in order to prevent injustice. This case presents one of those circumstances. It is unreasonable for a defendant to be confronted with the Hobson's choice of either jeopardizing one's safety by publicly becoming an informer or going to prison.

We are mindful that a person convicted of a crime has no right to probation, and that the decision as to whether or not to grant probation is a matter addressed to the sound discretion of the sentencing court. *State v. Wills*, 68 Wash.2d 903, 416 P.2d 124 (1966). RCW 9.95.210 permits conditions to be attached to the order granting probation. But these conditions must be reasonable. 24 C.J.S. Criminal Law § 1571(8) (1961). Here the conditions which the court would have attached to the appellant's probationary term were not reasonable, in view of the fact that compliance therewith would have subjected the appellant to possible, if not probable, harm. After reviewing

the record of this case, we are satisfied that the defendant's fear was genuine.

This is not to say that in all cases the defendant cannot be required to provide the prosecution with information as a condition of probation. *See United States v. Worcester*, 190 F.Supp. 548 (D.C.Mass.1961). But such conditions should not attach when compliance would subject the defendant to a serous risk of harm. If there are reasonable means of eliminating such a risk, such as conducting the sentencing proceedings behind closed doors with the record sealed, then such conditions might be proper. However, *in the instant case the damage has been done. The court's offer was a matter of public record and there are no steps which can now be taken to undo the harm.*

*State v. Langford*, 12 Wash.App. 228, 529 P.2d 839, 840 (1974).

### III

If I correctly read that which Justice Bakes has written, he would affirm and test the waters, whereas I would not. The onerous condition of probation at issue here should be stricken by the trial court. I would feel in more comfortable surroundings if my colleagues were of the same mind. It is not even a close case as to what our course of action should be. The trial court set the stage so we could decide the matter once and for all, but, no, not to be, not at this time—which seems to be coming a habit. I believe that the trial court was entirely correct in placing the ball in this court, and have little doubt that with a little leadership from this Court Mr. Badgley's life will not be offered up as was that of Denise Williams.

### IV

All that has to be kept in mind here is that probation is granted as a rehabilitative measure. It is not a tool to be used to coerce offenders into gathering evidence as an arm of the prosecution even where the defendant's life is not endangered—much less so where, as here, the danger is real and palpable as testified to by the tragic and unnecessary death of Denise Williams.

JOHNSON, Justice, concurring specially.

I concur with Chief Justice Bakes that the appeal should not be dismissed. I concur with the majority that the imposition of the condition of probation is not per se erroneous and that the case be remanded to the trial court for a determination whether Badgley's refusal to accept the condition of probation is reasonable under all the facts and circumstances.