GREEN, Judge.
The appellant, Larry Spry, challenges the trial court’s order revoking his probation and sentencing him to ten years of imprisonment. We affirm this case of first impression because the appellant’s violation was willful and substantial.
The appellant was originally given a split prison and probation sentence for the offense of D.U.I. manslaughter, and this appeal involves a second violation of appellant’s standard probation condition number 7, which stated, “You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.” See § 948.03(l)m, Fla. Stat. (1997) (making the prohibited use of intoxicants a standard condition of probation); Fla. R.Crim. P. 3.986(e). See also Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997). The appellant’s first violation of probation was based *124 on a D.U.I. conviction involving the use of a bicycle and resulted in a modification with the condition that he successfully complete alcohol counseling at an Operation PAR program, including residing at a halfway house. His second violation, at issue on this appeal, resulted in revocation and a sentence of ten years in Florida State Prison with credit for time served in county jail and state prison.
Appellant alleges that because he is an alcoholic, his illness is so debilitating that any violation of probation as the result of his drinking cannot be considered willful because of his disease. In support of his position, appellant cites Williams v. State, 728 So.2d 287 (Fla. 2d DCA 1999). In Williams, this court held that a mental or physical illness can render certain violations of probation not willful and substantial. See Williams, 728 So.2d at 288. The appellant asserts that because alcoholism is a mental disease, an alcoholic cannot be found to be in violation of his probation if he drinks because it is a condition he cannot comply with from the onset. See Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990) (holding that any violation triggering a revocation of probation must be willful and substantial).
In support of appellant’s defense, Dr. Eddie Regnier, a licensed clinical psychologist with significant experience in alcoholism and addiction, testified at appellant’s revocation hearing that the medical community views alcoholism as a disease or illness, while the public sees it as a weakness. Dr. Regnier further testified that an alcoholic cannot make an informed decision about drinking and cannot rely upon sheer willpower. He stated that alcoholism is similar to other compulsive diseases not involving simply a matter of will, such as bulimia and anorexia. He went on to say that relapse is a component of the disease of alcoholism. The overwhelming majority of alcoholics relapse, and the key is, when that occurs, to reinvest in treatment and arrest the relapse as quickly as possible. Dr. Regnier concluded by stating that people such as the appellant eventually die from the consumption of alcohol.
We have found no Florida case that has addressed whether the standard condition of probation which prohibits consumption of alcohol is an unreasonable condition when imposed upon a known alcoholic. Therefore, a review of decisions from other jurisdictions is instructive.
In Sweeney v. United States, 353 F.2d 10 (7th Cir.1965), the Seventh Circuit held that a condition of abstinence from alcohol, in the case of a probationer whose chronic alcoholism rendered compliance with the “no drinking” condition impossible, was an unreasonable condition. The court commented that if psychiatric or other expert testimony established that the probationer’s alcoholism has destroyed his power of volition and prevented his compliance with the condition, such condition can be said to be unreasonable. See Sweeney, 353 F.2d at 11.
The Supreme Court of Idaho agreed with the Sweeney holding. See State v. Oyler, 92 Idaho 43, 436 P.2d 709 (1968). In Oyler, the court held that if it were found that the defendant was a chronic alcoholic, the imposition of a probation condition requiring him not to imbibe alcohol was an impossible condition to fulfill and thereby negated the rehabilitative purpose of probation. See Oyler, 436 P.2d at 711-12. The court reasoned that to knowingly impose a probation condition upon a chronic alcoholic and then to revoke that probation for failure to adhere to that condition would be “patently as vindictive as demanding a lame person run for his freedom.” Oyler, 436 P.2d at 712.
Yet the majority of other courts that have addressed this issue have rejected both the Sweeney and Oyler analyses. The Oregon Supreme Court refused to follow the Seventh Circuit and Idaho holdings. See Sobota v. Williard, 247 Or. 151, 427 P.2d 758 (1967). Instead, it stated:
With all due respect to the court taking the contrary view, we are not prepared *125 to hold, as a matter of law, that a sentencing judge may not impose as a condition of probation a requirement that a person refrain from drinking intoxicants. Whether the forbidden conduct is the product of illness or of a character disorder, the protection of society and the efficacy of probation both are jeopardized if probation does not include at least an attempt to cause the person to discontinue the kind of conduct which resulted in his conviction. In testing the reasonableness of conditions imposed as a part of a probation plan, it is necessary to bear in mind the various purposes sought to be served by probation as a substitute for penitentiary custody. The freedom of the individual is only one of the desiderata. Rehabilitation and public safety are others.
Sobota, 427 P.2d at 759.
In Rosser v. Housewright, 99 Nev. 476, 664 P.2d 961 (1983), the Supreme Court of Nevada also declined to follow Sweeney and Oyler. The Nevada court held that abstention conditions imposed as a condition of probation are valid as they are reasonably related to the goal of rehabilitation of the alcoholic offender without the ultimate sanction of prison. See Rosser, 664 P.2d at 962. The Nevada court upheld the revocation of the defendant’s probation, even though they noted that the defendant may have been incapable of abstention. See id.
Additionally, many other courts have declined to follow the Sweeney and Oyler rulings. See State v. Sullivan, 197 Mont. 395, 642 P.2d 1008 (1982) (affirming an order which revoked the defendant’s probation for drinking, even though the defendant was an acknowledged alcoholic); People v. Mitchell, 125 Cal.App.3d 715, 178 Cal. Rpt. 188 (4th Dist. 1981) (acknowledging that while a defendant should not be forced to accept a condition with which he knowingly cannot comply, an alcoholic defendant who willingly accepted a condition that he not drink intoxicants must abide by it); Martin v. State, 517 P.2d 1399 (Alaska 1974) (concluding that it was reasonable for court to conclude that the defendant’s rehabilitation was dependant upon his abstention from alcohol and to consequently make abstention a condition of probation).
We agree with the majority of jurisdictions that have held that even an alcoholic must abstain from alcohol when abstention is a required condition of probation. We therefore affirm the appellant’s revocation of probation based on the fact he admittedly consumed alcohol contrary to his probation condition.
Affirmed.
PATTERSON, C. J., and PARKER, J., Concur.