**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38449**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 480 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFREY DEAN KLEIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion for extension of time, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Jeffery Dean Klein appeals from the district court's order denying his motion for an extension of time in which to complete twenty days of SCILD service,[1] which was ordered as a condition of his probation. We affirm.

Klein pled guilty to grand theft. The district court sentenced Klein to a unified term of five years, with two years fixed, suspended the sentence, and placed Klein on probation for three years. As a term of his probation, the district court ordered Klein to "serve a term of 20 days to be served through the SCILD program at the Bannock County jail to be completed no later than 1/22/11 or the Defendant will serve 40 days." The district court entered judgment setting forth the terms of Klein's probation on March 26, 2010.

---

[1] As explained by the district court, the SCILD program is a community work service program that is run by the jail.

1

Almost nine months later, on December 14, 2010, Klein filed a motion to extend SCILD time. In his motion, Klein requested that he be allowed an additional four months, until May 22, 2011, to complete the time. As the basis for his request, Klein asserted that he had planned on completing his SCILD time "during the Christmas break which is a slow time for his business," but that he had recently been placed on limited work duty due to a back injury sustained at work as a self-employed mechanic. The SCILD program therefore would not allow Klein to work due to his limited duty instruction. The district court denied the motion without a hearing, stating: "Defendant has never reported to do any SCILD days since sentencing. He has had plenty of time to complete his SCILD."

Klein filed a motion to reconsider, requesting that his time to complete his SCILD days "be extended three months from the date he is cleared by" his doctor. The district court denied Klein's motion to reconsider. The district court explained that it had determined Klein had not completed any of the ordered SCILD days since being placed on probation. The court then reasoned that, in the ten months that had passed, Klein would have only had to perform two days per month to have completed his time. In considering that Klein is a self-employed business owner and had planned on doing his days during the Christmas holiday, the district court reviewed the medical documentation Klein submitted confirming his injury in mid-November 2010. The district court also recalled that at sentencing it had explained to Klein that he should complete the SCILD in a timely manner and not to procrastinate. The district court stated that it had taken into account Klein's job and other circumstances in imposing his sentence. Citing that Klein had never signed up to complete any of his SCILD days before his injury, the district court noted that Klein had ignored the directive of the court. Noting that, had Klein made an effort to complete some of his days, its position may have been different, the district court then declined to extend the time in which Klein was required to complete his SCILD days. In its order the district court, however, gave Klein new options as part of his sentence.

Klein filed a notice of appeal, challenging the denial of his motion to extend SCILD time and his motion to reconsider. He also filed a motion for a temporary stay of execution of his sentence and objected to the new options provided in the district court's order. The district court denied the motion to stay, but rescinded the portions of its order which Klein contended had impermissibly modified the conditions of his probation.

On January 26, 2011, Klein's probation officer filed a report of violation alleging that Klein had violated the conditions of his probation by failing to complete his twenty days of SCILD as required. At Klein's arraignment on the probation violation, the district court entered a denial on Klein's behalf and stayed further proceedings on the probation violation pending the outcome of this appeal concerning the district court's denial of Klein's motion to extend SCILD time.

The decision whether to modify the terms of a defendant's probation rests within the district court's discretion. I.C. § 20-221; *State v. Oyler*, 92 Idaho 43, 47, 436 P.2d 709, 713 (1968). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, Klein's motion to extend his time to complete a condition of his probation was entrusted to the sound discretion of the district court. It is clear from the record that the district court correctly perceived it as such. It is also clear from the decision of the district court that it exercised reason in its discussion of why it had determined an extension was not appropriate. Klein was given ten months to complete his SCILD time. He made no attempt to report to the program or perform any of his days prior to filing for the extension. Nine months later, and just five weeks before Klein was supposed to have completed his service, Klein moved for a four-month extension. The district court reviewed all of the records and medical documents related to Klein's recent back injury. Klein has failed to show that the district court did not exercise reason in its denial of his motion.

Klein now argues on appeal that the district court abused its discretion because the condition of his probation was "impossible" to fulfill and that it was not fundamental to his rehabilitation. First, the record does not show that Klein raised these arguments below. Klein's position on his motion to extend was that he needed more time to complete the required term. Although Klein did argue that it was impossible for him to complete the SCILD time before January 22, he did not claim that his back injury made it impossible for him to ever complete the service. As noted by the district court, the primary reason Klein could not complete his SCILD

3

time within the required time was his own failure to take any steps toward completion during the several months leading up to his back injury. The district court further noted that, had Klein made any effort to complete his SCILD time, the court's position on Klein's motion may have been different. Klein has not shown that the district court abused its discretion in finding that it was not impossible for him to complete this term of his probation.[2]

Finally, as to Klein's argument that this term of his probation should now be removed because it is not "fundamental" to his rehabilitation, we are unpersuaded. As noted, this was not Klein's argument below. Further, Klein cites no authority for the proposition that, unless a condition is fundamental, the court must modify the condition or remove it from being a term of probation. Klein agreed to the condition of probation when it was imposed, and did not move the district court to strike the condition as unreasonable. Even so, Klein has not shown that performing SCILD time was not fundamental to his rehabilitation for grand theft. Klein has failed to show an abuse of discretion.

The decision whether to modify a term of probation rests within the sound discretion of the trial court. Klein has failed to show error on appeal. The district court's denial of Klein's motion to extend SCILD time is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] Moreover, the probationary term was in the alternative, complete the SCILD requirement or serve forty days in jail. Klein makes no assertion of an impossibility to serve the forty days in jail.