# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MAURICIO MARTINEZ,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 67709 |

**FILED**

FEB 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from an order for revocation of probation and amended judgment of conviction. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Mauricio Martinez contends that the district court erred by revoking his probation. Martinez argues that it was fundamentally unfair for the district court to revoke his probation based solely on his inability to meet the physical fitness goals of the boot camp program to which he was assigned as a term of his probation, where the inability was through no fault of his own. *Cf. Bearden v. Georgia*, 461 U.S. 660, 664, 668 (1983) (holding that it is "fundamentally unfair," and thus a due process violation, to revoke probation where a "probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own").

The district court's decision to revoke probation will not be disturbed absent an abuse of discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). The decision must be based on "evidence and facts [that] reasonably satisfy the judge that the *conduct* of the probationer has not been as good as required by the conditions of probation." *Id.* (emphasis added); *accord Anaya v. State*, 96 Nev. 119, 122,

16-04418

606 P.2d 156, 157 (1980) (holding that due process requires that a revocation of probation must "be based upon 'verified facts' so that 'the exercise of discretion will be informed by an accurate knowledge of the probationer's *behavior*'" (emphasis added) (internal punctuation omitted) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972))).

Here, the district court revoked Martinez's probation because he was rejected from boot camp solely because he was unable to meet specific physical fitness goals. Nothing in the record suggests that Martinez's conduct or behavior was not as good as required by the conditions of probation. The evidence and facts before the district court suggest that Martinez's conduct was commendable: in his 156 days in boot camp, he had no disciplinary issues, lost 100 pounds, and reduced his timed 2-mile run from more than 30 minutes to 18 minutes. Martinez's only failure was that, despite 11 attempts, his conduct did not end in the desired result of meeting the program's goals of running 2 miles in 15 minutes or less and performing 1 pull-up.

The State argues that Martinez's case is analogous to *Sobota v. Williard*, 427 P.2d 758 (Or. 1967). We disagree. In *Sobota*, probation was revoked because the probationer violated the condition that he refrain from drinking intoxicants. *Id.* at 758-59. The Oregon supreme court rejected the probationer's argument that the condition was unreasonable and unconstitutionally deprived him of liberty because it was predictable that he, an alcoholic, would fail. *Id.* at 759. Looking to the rehabilitation purpose of probation, the Oregon court noted that probation must "include at least an attempt to cause the person to discontinue the kind of conduct which resulted in his conviction." *Id.* Martinez's case is distinguishable in two important ways. First, at a practical level, there is a fundamental

difference between refraining from an action (drinking) and meeting an undefined goal (passing boot camp) which in turn requires accomplishing something that cannot necessarily be achieved through mere determination or effort (performing specific physical feats). Second, looking to the purpose of probation, nothing in the record before this court suggests that Martinez's criminal conduct was the result of his not being physically fit. *See Bearden*, 461 U.S. at 668 n.9 ("In contrast to a condition like chronic drunken driving, however, the condition at issue here— indigency—is itself no threat to the safety or welfare of society.").

The State also argues that the district court revoked probation not just for Martinez's failure to complete the boot camp program but also because of his prior failures to adhere to the conditions of probation. While the district court did mention Martinez's past probation failures that resulted in the imposition of the boot camp program, the district court clearly based the revocation on his inability to perform specific physical feats when it commended Martinez's progress but finished with, "I can't get past your complete failure to do any of the three [physical] requirements."

The district court revoked probation without finding that Martinez's conduct had not been as good as required. The district court thus abused its discretion in revoking Martinez's probation. The district court shall conduct a new revocation hearing to consider whether Martinez's conduct, rather than the results thereof, were as good as

SUPREME COURT
OF
NEVADA

(O) 1947A

3

required by the conditions of probation[1] and proceed accordingly. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We note that the ability of anyone other than Martinez to perform a specific physical act is immaterial to this inquiry.