728 So.2d 287 (1999)
Roger Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04422.
District Court of Appeal of Florida, Second District.
February 12, 1999.
Guillermo E. Gomez of Richard Escobar, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Roger Williams appeals from the order revoking his probation. We reverse because the record fails to support the trial court's finding that Williams' violations of the conditions of his probation were willful and substantial.
In 1994, Williams pleaded guilty to aggravated child abuse. He had no prior criminal record. He was sentenced to two years of community control to be followed by three years of probation. He had successfully *288 completed the community control and was serving his probation when he was arrested for battery (domestic violence). In an affidavit and amended affidavit of violation of probation, Williams' probation officer alleged that he had committed the battery, had failed to submit written monthly reports for March, April, and May of 1997, and he had failed to submit to urinalysis testing, as requested by his probation officer.
At the probation revocation hearing, Officer Haranowski of the Tampa Police Department, testified over Williams' hearsay objection that he investigated the battery and that the alleged victim, Ronnie Morrison, told him that Williams had struck her. Morrison did not testify. Williams testified that Morrison had attacked him and that he had pushed her in self-defense. No further evidence was offered. Although hearsay evidence is admissible in a probation revocation hearing, it cannot be the sole basis of revocation. See Colina v. State, 629 So.2d 274 (Fla. 2d DCA 1993). We, therefore, reverse the finding that Williams violated his probation by committing a battery.
The remaining alleged violations, which are technical in nature, present a more difficult issue. These violations were proven by Williams' probation officer's uncontroverted testimony. The question is whether the violations were substantial and willful. The failure to file monthly reports is a sufficient basis for revocation of probation. See Jordan v. State, 610 So.2d 616 (Fla. 1st DCA 1992). The failure to submit to urine screens is also a valid basis for revocation. See Williams v. State, 563 So.2d 1129 (Fla. 4th DCA 1990). However, illness can render technical violations of probation not "substantial and willful." See Rainer v. State, 657 So.2d 1230 (Fla. 4th DCA 1995). Either a mental or a physical illness can be debilitating to the point that a probationer cannot comply with the terms of his probation.
In his defense, Williams called Dr. Arturo G. Gonzalez, a psychiatrist, who testified that, during the relevant period of time, April, May, and June of 1997, Williams suffered from severe depression. In Dr. Gonzalez's words, "[I]t was a very severe [depression] in my opinion ... he was just crippled." Dr. Gonzalez went on to testify that Williams was immobilized by the depression and did not have the will to make decisions; therefore, he did not willfully fail to comply with the reporting conditions of his probation. We note that up until this period of time Williams had successfully completed more than two years of community control and probation, including an inpatient substance abuse program. These facts lend support to Dr. Gonzalez's conclusions.
Because the record shows that the violations of probation were not willful and substantial, we reverse the revocation of Williams' probation.
Reversed.
BLUE and GREEN, JJ., Concur.