744 So.2d 1188 (1999)
Dawn ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04689.
District Court of Appeal of Florida, Second District.
November 3, 1999.
*1189 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Dawn Robinson appeals the judgment and sentence that the trial court entered following a revocation of probation. Because we conclude that the violation of probation was not willful and substantial, we reverse.
Prior to the revocation hearing, the trial court ordered Robinson to be evaluated by two mental health experts to determine whether she was competent to proceed in light of the fact that she was on medication for mental illness. Both of the mental health experts agreed that Robinson was in need of further mental treatment, but disagreed as to whether she was competent to proceed. To resolve the issue, the trial court ordered a third evaluation. The third expert found Robinson competent to proceed. Robinson admitted to all three doctors that she had been hospitalized three times previously for psychiatric treatment.
The trial court subsequently found Robinson in violation of probation for failing to report to her probation officer, as directed by her order of probation. The evidence reflected that when Robinson was to switch from community control to probation, she failed to report to the new probation officer, Reginald Garth. Garth testified that a Ms. Quesa had noted in Robinson's file that Robinson had been informed that she had to report to probation at the end of community control. However, due to her mental condition, Robinson's previous community control officer had gone to Robinson's house to do her monthly reports.
A violation of probation must be willful and substantial. See Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). There was no testimony, except for the hearsay testimony of the unidentified Ms. Quesa,[1] that Robinson was aware that her new officer required her to report to his office instead of his coming to Robinson's home. Furthermore, Robinson's signature to acknowledge her understanding of the rules of probation and community control was missing from both the order of community control and the order of probation. Because it is not clear that Robinson was aware that she was required to report to the probation office, we conclude that her failure to do so was not a willful and substantial violation of probation. See Hightower, 529 So.2d at 727 (violation of probation is not willful and substantial where it is not clear as to whether the probationer was actually aware of the condition).
Additionally, mental illness can render violations of probation not willful and substantial. See Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999). In this case, one mental health expert found Robinson incompetent to proceed, and two recommended that she be referred for further evaluation and treatment. There was also evidence that Robinson had been hospitalized previously for psychiatric treatment and that she was on medication for mental illness at the time of the hearing. In addition, the stated reason that Robinson's community control officer went to *1190 her house instead of requiring her to go to his office was Robinson's mental condition.
Because it is not clear whether Robinson was informed that she must start reporting to the probation office monthly, and because Robinson's mental condition may have hindered her ability to report, we conclude that the violation of probation was not willful and substantial.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND and NORTHCUTT, JJ., Concur.
NOTES
[1] Hearsay testimony may not be the sole basis for a revocation of probation. See Kipp v. State, 657 So.2d 931, 932 (Fla. 2d DCA 1995).