PER CURIAM.
Appellant challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised two claims of ineffective assistance of counsel for failing to convey plea offers. Finding merit to one of his claims, we reverse.
Pursuant to a plea of guilty upon violation of probation, Appellant was sentenced to five years of incarceration with 151 days of jail credit for aggravated assault. Appellant alleged that his counsel was ineffective in failing to relate to him a plea offer of one year of incarceration, and then in advising him to reject a plea offer of three years of incarceration. Appellant alleged that either of these plea offers would have resulted in a shorter sentence than the sentence he eventually received.
To sufficiently allege a claim that counsel was ineffective for failing to convey a plea offer, Appellant must allege that: (1) counsel failed to communicate a plea offer or misinformed the defendant *707 concerning the penalty faced, (2) Appellant would have accepted the offer but for the inadequate notice, and (3) the acceptance of the offer would have resulted in a lesser sentence. See Cottle v. State, 733 So.2d 963 (Fla.1999). Appellant’s first claim is facially sufficient because he made all three of these allegations. Therefore, we reverse and remand for further proceedings as to this claim. However, we affirm the trial court’s denial of Appellant’s second claim because it is facially insufficient; Appellant did not allege as to that claim that his counsel failed to advise him of the plea offer or that he misinformed him as to the penalty he faced.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, WOLF and LEWIS, JJ., concur.