830 So.2d 201 (2002)
Lisa PALMA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3599.
District Court of Appeal of Florida, Fifth District.
November 8, 2002.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Lisa Palma ("Palma") appeals the revocation of her probation. We affirm.
After Palma was sentenced for a previous violation and a new offense, Palma filed a motion to modify the sentences. Palma's motion alleged that Avon Park Medical Center, the facility recommended by the court, would not provide appropriate treatment for her psychological problems *202 and substance abuse, but that the Bridge Program would provide such treatment. Palma also agreed to any and all counseling and mental health treatment modalities recommended by the Bridge Program. The trial court ordered Palma to enter the Bridge Program within three days of release from prison and to complete the six month program. Palma failed to complete the Bridge Program, which is the basis for the probation revocation which she now appeals. Palma left the facility, was arrested, and was terminated from the program. The affidavit of probation violation alleged that Palma had absconded from the program, that she had been a constant disciplinary problem, and that she continued to break the rules of the program.
There was conflicting evidence regarding whether Palma had intended to abscond from the Bridge Program, but, Robert Kline, a Bridge Program staff member assigned to supervise Palma's case, testified that the Bridge Program director had intended to terminate Palma from the program prior to Palma leaving the facility because Palma was disruptive, and would not follow the facility's rules. While he never witnessed Palma's disruptive behavior, Kline constantly received reports of Palma's disruptive outbursts and serious violations of the Bridge Program's rules.
Palma's mother testified that Palma had stopped taking her medication for her bipolar disorder while she was in prison prior to entering the Bridge Program.
Axia Rivera, Palma's counselor at the Bridge Program, testified that she witnessed some of Palma's disruptive behavior. The counselor testified that Palma did not have all her medications when she began the program, and that it was very likely that Palma's medication had not taken effect by the time Palma was terminated. Rivera conceded that she was not a specialist in psychiatric disorders, but opined that those with psychiatric disorders tend to lie and to have problems following the rules. Palma's counselor recommended that Palma be placed in a "dual diagnose program."
The trial court found Palma guilty of violating her probation and sentenced Palma to prison. At the conclusion of the hearing, the trial court stated:
I'm also going to recommend that upon her arrival at the Department of Corrections [sic] that the Department give her a psychiatric evaluation to determine what appropriate medication she should be on and that she should take those medications. Miss Palma, you're someone who should be on medication. And medications are prescribed to you and I don't know but for what reason that you have and I know that people who take medication there are many reasons not to take them and you are one of those people who refuse to take their medication and, of course, the shortcoming is that you then try to excuse your behavior by the fact that you're not taking your medication. And obviously that didn't work with this Court this morning. And I'm strongly encouraging you to get on a medication program and take it because I feel confident it would give you some assistance.
On appeal, Palma contends that the trial court erred in revoking her probation because her violations were the product of her bipolar disorder rather than willfulness, because there was a miscommunication in regards to her having left the facility, and because she was willing to complete probation.
"A violation of community control which triggers revocation must be both willful and substantial, and the willful and substantial nature of the violation must be *203 supported by the greater weight of the evidence." See Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991) (citing Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990)). However, a condition of probation that requires a person to do something that is beyond their control or ability is an illegal condition, and its violation is not a violation of probation. See Rodriguez v. State, 768 So.2d 1234, 1236 (Fla. 5th DCA 2000) (citations omitted). Palma contends that she did not willfully violate her probation because her acts were beyond her control as a result of her bipolar disorder.
Case law supports Palma's contention that a person who suffers from a mental disorder may not necessarily willfully violate probation. See Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999)(stating that a mental or physical illness can be debilitating to the point that a probationer cannot comply with the terms of his probation); see also Robinson v. State, 744 So.2d 1188, 1189 (Fla. 2d DCA 1999) (stating that a mental illness can render violations of probation not willful and substantial). However, the instant case is distinguishable from Williams and Robinson. First, Palma made the decision to cease taking her medication. Second, Palma has had a history of violating her probation. Third, while Rivera testified that persons with mental disorders have a problem with following the rules, Palma had previously successfully completed the Phoenix Program, which was also a drug treatment program. Additionally, Rivera conceded that she is not a specialist in psychiatric disorders, but was a specialist in addictions.
Palma also argues that her "willingness" to complete her probation renders the revocation of her probation an abuse of discretion. While several cases state that it is an abuse of discretion to find a willful and substantial violation of probation where a defendant has expressed a willingness to complete a program and where the order of probation did not specify a date certain for compliance, see O'Neal v. State, 801 So.2d 280 (Fla. 4th DCA 2001); see also Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999), the instant case is distinguishable. While the cited cases did not specify a date certain for compliance, the order modifying Palma's sentence required Palma to report to the program within three days of release and complete the six month residential program.
AFFIRMED.
SHARP, W. and SAWAYA, JJ., concur.