886 So.2d 420 (2004)
Lee Ronnie OGLETREE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4856.
District Court of Appeal of Florida, Second District.
November 17, 2004.
*421 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Lee Ronnie Ogletree, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Lee Ronnie Ogletree appeals an order revoking his community control and the sentences imposed as a result. We affirm the revocation of community control and sentences imposed thereon, but strike reference to the trial court's finding that Mr. Ogletree violated condition twelve of his community control by being away from his approved residence without permission on July 1 and 2, 2003.
Mr. Ogletree was initially placed on probation for possession of cocaine and drug paraphernalia. He violated his probation by committing burglary and grand theft and was placed on community control for both sets of offenses. Thereafter, he was charged with three violations of community control because he tested positive for cocaine and because he was away from his approved residence on two separate occasions. There was competent, substantial evidence that Mr. Ogletree willfully violated the terms of his community control when he tested positive for cocaine and when he left his approved residence on July 13, 2003, without permission, to help his friend move furniture.
The claim that Mr. Ogletree was away from his approved residence without permission on July 1 and 2, 2003, however, is supported only by evidence that he checked himself into the Peace River Center after suffering a mental breakdown. There is nothing in the record to suggest that his admission to the center was anything other than a valid medical emergency. Under the circumstances, the evidence does not support a finding of a willful violation. See Robinson v. State, 744 So.2d 1188, 1189 (Fla. 2d DCA 1999); Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999). Nevertheless, because we conclude that the other two violations were supported by competent, substantial evidence and supported the revocation of community control, we affirm the revocation and the sentences imposed. See Haygood v. State, 687 So.2d 318 (Fla. 4th DCA 1997) (striking portion of order revoking community control because some violations were not supported by evidence, but affirming revocation because it was clear trial court would have revoked community control based solely on proper violations). Accordingly, we affirm the order revoking community control, but require the reference that Mr. Ogletree violated condition twelve on July 1 and 2, 2003, be stricken from the revocation order.
Affirmed with instructions.
SALCINES and CANADY, JJ., Concur.