892 So.2d 508 (2004)
Roberto MEDRANO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2024.
District Court of Appeal of Florida, Third District.
December 8, 2004.
Rehearing Denied February 23, 2005.
Paul Morris, Miami, and Stephen H. Rosen, Tampa, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before RAMIREZ and SHEPHERD, JJ., and BARKDULL, THOMAS H., JR., Senior Judge.
SHEPHERD, J.
Roberto Medrano appeals an order of the circuit court adjudicating him guilty of violating the terms of probation and sentencing him to 15 years in prison, urging that his counsel's failure to offer psychiatric evidence at the probation hearing constitutes ineffective assistance of counsel. We have jurisdiction. Art. V, § 4(b)(1). We vacate the order adjudicating Medrano guilty of violating the terms of his probation and remand for a new hearing.
On November 8, 2002, and apparently while dissolution proceedings were underway, Medrano pled guilty to burglary of his wife's separate residence and was sentenced to four years probation.[1] Among the terms of his probation was a requirement that he "stay away" from his soon-to-be former wife and that he undergo treatment for mental illness. On December 5, 2002, Medrano's divorce became final. Within a few months of his divorce he was charged with two counts of violating his probation. On February 13, 2003, Medrano allegedly trespassed by entering the former marital home that was then occupied by his former wife and minor son. He also allegedly approached his former wife to discuss what he perceived to be his *509 minor son's problems with alcohol. None of these facts are in serious dispute.
A probation violation hearing was held on April 10, 2003. After receiving evidence, which consisted primarily of affidavits filed by probation officers, the court found Medrano guilty of violating the terms of his probation and sentenced him to 20 years in prison. At this initial hearing, no evidence of Medrano's mental illness or psychiatric treatment was offered. Medrano filed a motion for a new probation violation hearing, but that motion was denied on May 6, 2003. However, the court did hold a second evidentiary hearing on June 24, 2003, where Medrano presented psychiatric and psychological evidence in mitigation of his 20-year sentence.[2] After receiving evidence of his history of mental illness, the trial judge reduced Medrano's sentence from twenty to fifteen years in prison. This appeal follows.
In this appeal, Medrano argues, inter alia, that his counsel was ineffective for failing to offer evidence of his mental illness and treatment at the initial probation violation hearing. He argues that his mental illness prevented him from willfully or knowingly violating the terms of his probation, Copeland v. State, 864 So.2d 1197, 1199 (Fla. 1st DCA 2004) (a "violation that causes a revocation of probation must be both willful and substantial"), but that such evidence and argument was never presented by counsel. In support of this argument, Medrano offered the testimony of a psychologist and a licensed mental health counselor at the second hearing (where only mitigation of the sentence was considered) that suggested that he was "obsessive" about his former wife. We conclude that such testimony should have been presented at the initial probation hearing as a defense to the willfulness of the underlying violation, rather than merely as a mitigating factor at the sentencing phase. See id.; Marcano v. State, 814 So.2d 1174, 1175 (Fla. 4th DCA 2002) (reversing a violation of probation because the violation was the result of mental illness); Robinson v. State, 744 So.2d 1188 (Fla. 2d DCA 1999) ("mental illness can render violations of probation not willful and substantial"); Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999) ("Either a mental or a physical illness can be debilitating to the point that a probationer cannot comply with the terms of his probation."); Warren v. State, 421 So.2d 808 (Fla. 3d DCA 1982) (it was "error for the trial court to deny the defendant an opportunity to present lay testimony on the issue of his sanity at the time of the alleged violation of probation"). In so ruling, we express no opinion as to the merits of the defense.
We conclude that Medrano's right to effective assistance of counsel was violated because his counsel failed to present a potentially meritorious defense at the probation hearing. See Bowen v. State, 815 So.2d 706 (Fla. 1st DCA 2002). We are aware that claims of ineffective assistance of counsel are more properly brought as motions for post-conviction relief, but the facts here fall within the range of cases that permit relief for ineffective assistance of counsel on direct appeal. See Sandoval v. State, 884 So.2d 214 (Fla. 2d DCA 2004).
We vacate the order of the circuit court adjudicating Medrano guilty of violating the terms of his probation and remand the case for further proceedings.
NOTES
[1] He was also charged with assaulting his soon-to-be former wife, but those charges were dismissed as part of the plea arrangement under which he was to receive mental health counseling.
[2] This evidentiary hearing did not reconsider the issue of guilt, merely sentencing.