903 So.2d 244 (2005)
Orie KENNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3254.
District Court of Appeal of Florida, First District.
April 29, 2005.
Rehearing Denied June 13, 2005.
*245 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
THOMAS, J.
We have before us for review the lower court's denial of Appellant's Motion to Suppress during his trial for possession of cocaine with the intent to sell and attempted tampering with physical evidence. Because the felony committed by the passenger would have given the officer probable cause to search the vehicle, and consequently, Appellant's person, we affirm the denial of the motion.
Testimony presented at trial showed that two Tallahassee police officers were parked on the side of the road, pulling cars over for speeding and equipment violations. One officer observed Appellant's vehicle, with its high-beam headlights turned on, approaching over the hill. The vehicle's tag light was also out. Consequently, Appellant was pulled over.
Appellant's passenger was not wearing a seatbelt. After providing false information to the officer, the passenger was asked to step out of the vehicle. The passenger violently shoved the officer and ran away. The officer took Appellant's keys, forcing Appellant to remain at the car while the officer followed the fleeing passenger. Appellant was then handcuffed due to officer safety concerns by the detaining officer, who also performed a pat-down search. While the pat down did not reveal any weapons, the officer did find a sandwich bag with 10 small individual bags inside containing cocaine. Appellant filed a motion to suppress both the statements made to the police officers and the drugs seized as a result of the search. The trial judge denied the motion, and Appellant was convicted of the lesser-included offense of possession of cocaine and attempted tampering with evidence.
The review of a denial of a motion to suppress is a mixed question of law and fact. J.C.M. v. State, 891 So.2d 573 (Fla. 1st DCA 2004). This court has de novo review of the trial court's application of the law to the facts. Id. Under this standard, the court should review findings of fact only for clear error and give weight to inferences drawn from those facts by resident judges. Id. Factual rulings by a trial court on a motion to suppress are presumed correct. Connor v. State, 803 So.2d 598, 608 (Fla.2001).
We affirm the trial court's ruling because the felony committed by the passenger would have given the officer probable cause to search the vehicle, and consequently, Appellant's person. Although the State did not raise this specific argument below, we affirm based on the Tipsy *246 Coachman Rule, which provides that an appellate court may affirm a trial court's judgment if the judgment is legally correct, regardless of the trial court's reasoning. See Robertson v. State, 829 So.2d 901 (Fla.2002); Lowery v. State, 766 So.2d 417 (Fla. 4th DCA 2000).
If an officer has probable cause to believe a felony is being committed in his presence, he can search the car without a warrant. Ensor v. State, 403 So.2d 349, 353 (Fla.1981). In Brinegar v. U.S., 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), the Supreme Court noted that probable cause determinations are "not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." Thus, the standard is one of reasonableness under the circumstances. See Gispert v. State, 118 So.2d 596, 597 (Fla. 2d DCA 1960). Indeed, probable cause exists where the facts and circumstances, as analyzed from the officer's knowledge, specialized training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable person to reach the conclusion that an offense has been committed. State v. Outten, 206 So.2d 392 (Fla.1968).
We find there was clearly probable cause to justify the search of Appellant's car. The passenger committed a felony on the officer performing the vehicle stop, then fled the scene. Another officer at the scene testified that after witnessing the passenger's assault on the first officer and subsequent flight, he felt additional criminal activity had taken place. His firsthand knowledge of these events justified this belief and amounted to sufficient probable cause to search Appellant's vehicle.
The search of Appellant's car revealed nine bags of cannabis in the passenger compartment. Since Appellant was the owner/driver of the vehicle, he could have been arrested based on the cannabis found in the passenger compartment. See State v. Johnson, 696 So.2d 880, 882 (Fla. 5th DCA 1997). A valid arrest due to the cannabis in the passenger compartment would have also revealed the cocaine in Appellant's pocket, allowing him to be subject to the charges for which he was convicted. Therefore, we AFFIRM the lower court's denial of Appellant's Motion to Suppress.
AFFIRMED.
VAN NORTWICK and POLSTON, JJ., concur.