903 So.2d 1054 (2005)
Derrick Emil MIKELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3231.
District Court of Appeal of Florida, Second District.
June 22, 2005.
Derrick Emil Mikell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Derrick Emil Mikell appeals from the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Mikell contends that his counsel was ineffective in representing him when he entered his no contest plea to two counts of committing a lewd act on a child under the age of sixteen. His motion further alleges that his counsel's representation fell below the standard of reasonably effective counsel when he was resentenced for those offenses following violation of his probation. After holding an evidentiary hearing, the postconviction court denied the motion as to the issues directed to his convictions, and we affirm on those grounds. However, the court summarily denied Mr. Mikell's claim that his counsel was ineffective in representing him at his sentencing following his violation of probation, and we reverse on that ground alone.
Following his no contest plea to the lewd act offenses in 2000, Mr. Mikell was sentenced to ten years' incarceration, suspended, and placed on five years' probation. After he committed various violations, his probation was revoked in 2002, and the court sentenced him to concurrent terms of ten years in prison.
Mr. Mikell's rule 3.850 motion alleges that defense counsel was ineffective when he failed to apprise the sentencing court of its discretion to reinstate his client's probation following violation as authorized by section 948.06(1), Florida Statutes (2002). Attached to the postconviction motion is a transcript of the sentencing hearing. The transcript reveals that, before the court *1055 imposed sentence, Mr. Mikell's attorney offered mitigating evidence. When the judge stated that if she did not impose the suspended ten-year sentence she would "get appealed" and would "be reversed," the defense attorney simply agreed: "I understand that, Your Honor." Nevertheless, he placed the mitigating evidence on the record for the court's consideration.
At the conclusion of the testimony of Mr. Mikell's mother that her son would be a good candidate for continued probation or placement on community control, Mr. Mikell asked the court to have mercy on him. The judge responded: "I can't. I'm not allowed to, legally." The defense attorney stood silent and did not attempt to correct the court's misimpression.
When probation is violated, the court has the option to "revoke, modify, or continue the probation or community control or place the probationer into a community control program." § 948.06(1), Fla. Stat. (2002); Griffin v. State, 783 So.2d 337 (Fla. 5th DCA 2001). Mr. Mikell has raised a facially sufficient claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His attorney's complete concession to the court's assumption that it could not return his client to probation or community control fell below the standard expected of reasonably effective counsel. Furthermore, the record reflects that the trial court would have considered continuing Mr. Mikell on probation if defense counsel had presented the statutory and case law authorizing that option. Thus, prejudice appears on the record.
On direct appeal, Mr. Mikell raised the issue of whether the trial court erred in sentencing him at his revocation hearing. However, his direct appeal was affirmed without prejudice to his raising the issue in an appropriate postconviction motion. Mikell v. State, 855 So.2d 686 (Fla. 2d DCA 2003). In this appeal, the State acknowledges that it conceded the merits of the sentencing issue on direct appeal, that it argued on direct appeal that the issue had not been preserved, and that this court affirmed without prejudice to Mr. Mikell's right to seek postconviction relief. The State concludes its argument by stating that "the State does not oppose resentencing." We therefore reverse the summary denial of this claim and remand for resentencing.
Upon remand, the judge who imposed the revocation sentence should preside unless it is necessary for another judge to do so. See Clemons v. State, 816 So.2d 1180, 1181 (Fla. 2d DCA 2002); Cowart v. State, 860 So.2d 1041, 1042 (Fla. 5th DCA 2003).
Affirmed in part; reversed in part; remanded for resentencing.
FULMER and CANADY, JJ., Concur.