911 So.2d 186 (2005)
Dale PHELPS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0768.
District Court of Appeal of Florida, First District.
September 13, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his postconviction motion. We reverse the summary denial of the appellant's claim, in which he alleged that he was denied effective assistance of counsel when his counsel failed to offer evidence of the appellant's incompetence to support a finding that the appellant had not willfully and substantially violated his probation at a violation of probation proceeding.
The appellant asserts he was found in violation of his probation for violating the terms of a restraining order when the appellant "slit his wrists in the middle of the night outside his ex-wife's residence." Defense counsel's failure to offer evidence of appellant's incompetence to support a finding that the appellant had not willfully and substantially violated his probation at a violation of probation proceeding can amount to ineffective assistance of counsel. See Medrano v. State, 892 So.2d 508 (Fla. 3d DCA 2004). Furthermore, even if an appellant has been previously adjudicated competent, the trial court is required to hold an additional *187 competency hearing if a bona fide doubt is raised regarding the appellant's continued competence. See Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003). In the instant case, the appellant concedes that he had previously been adjudicated competent; however, the written competency evaluation expressly stated that the appellant must remain on "his current psychotropic medications ... without such treatment he might deteriorate and become incompetent to proceed." The appellant specifically asserts that he violated his probation because he was unable to obtain his required medication and that his counsel was aware that he had not been receiving the required treatment at his violation of probation proceeding. In further support of his claim, the appellant asserts that his counsel knew of the previous competency evaluation suggesting that the appellant may become incompetent to proceed if unable to obtain the necessary medical treatment. Finally, the appellant asserts that had his counsel introduced evidence of his incompetence at the violation of probation proceeding the trial court could not have found him to be in willful and substantial violation of his probation. Thus, the appellant has alleged that he was prejudiced by his counsel's deficient performance and the appellant has asserted a facially sufficient claim of ineffective assistance of counsel.
We therefore reverse the summary denial and remand for the trial court to hold an evidentiary hearing, if necessary, or else attach additional record portions conclusively refuting the appellant's claim.
REVERSED AND REMANDED.
KAHN, C.J., WOLF and PADOVANO, JJ., concur.