920 So.2d 204 (2006)
Carl HOLLANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2189.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
*205 Michael J. Kessler of Michael J. Kessler, P.A., Fort Pierce, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Carl Hollander challenges the trial court's denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm three of Hollander's claims without discussion, but reverse and remand his third claim for further proceedings.
On January 3, 2001, Carl Hollander was convicted of communications fraud (count 1) and grand theft (count 2). He was sentenced to concurrent sentences of two years probation, which he subsequently violated. On December 4, 2002, Hollander pled guilty to violation of probation and was sentenced to five years in prison on count 1 followed by four years probation on count 2. In his motion for postconviction relief, Hollander alleged that the State had offered a sentence of two years in prison in exchange for his plea and that his trial counsel was ineffective for failing to inform him of the plea offer.
Defense counsel can be ineffective in failing to advise the defendant of a plea offer. See Cottle v. State, 733 So.2d 963 (Fla.1999). A defendant is inherently prejudiced by the "inability, due to counsel's neglect, to make an informed decision whether to plea bargain." Id. at 969. When the alleged ineffectiveness concerns the rejection of a plea offer, the defendant must prove: "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer *206 but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Id. at 967.
Here, Hollander claims his counsel failed to convey the State's plea offer to him, arguing that he would have never entered his plea had he been informed of the offer and would have accepted the lighter two-year sentence. Hollander therefore has made a facially sufficient claim of ineffective assistance of counsel. Accordingly, we reverse and remand for an evidentiary hearing.
STEVENSON, C.J., WARNER and KLEIN, JJ., concur.