977 So.2d 698 (2008)
James GANEY, Appellee.
v.
STATE of Florida, Appellee.
No. 1D07-4868.
District Court of Appeal of Florida, First District.
March 18, 2008.
James Ganey, pro se, Appellant.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the postconviction court's order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court's order indicated that rule 3.850 motions do not apply to probation revocation proceedings and there is no claim for ineffective assistance of counsel arising out of probation proceedings. This proposition is incorrect. Contrary to the findings of the postconviction court, there are numerous examples of appellate cases applying rule 3.850 to probation revocation hearings. See e.g. Flowers v. State, 947 So.2d 639 (Fla. 4th DCA 2007); Hollander v. State, 920 So.2d 204, (Fla. 4th DCA 2006); Gilbert v. State, 913 So.2d 84, 85 (Fla. 2d DCA 2005); Phelps v. State, 911 So.2d 186 (Fla. 1st DCA 2005); Mikell v. State, 903 So.2d 1054, 1054 (Fla. 2d DCA 2005); Medrano v. State, 892 So.2d 508 (Fla. 3d DCA 2004).
Nevertheless, the appellant's claims are without merit. Therefore, we affirm without further discussion. See Kennard v. State, 903 So.2d 244, 245-46 (Fla. 1st DCA 2005) (providing an appellate court may affirm a trial court's judgment if the judgment is legally correct, regardless of the trial court's reasoning).
AFFIRMED.
BENTON, LEWIS, and ROBERTS, J J, concur.