33 So.3d 776 (2010)
Barbara SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-233.
District Court of Appeal of Florida, Fourth District.
April 21, 2010.
*777 Sidney Z. Fleischman of Fleischman & Fleischman, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Barbara Simpson appeals the trial court's order denying her motion to dismiss. We affirm based on the tipsy coachman rule.[1]
While at the Fort Lauderdale International Airport, Simpson was approached by two detectives. The detectives conducted a search of her purse and discovered a pill box and burgundy change purse, both of which contained oxycodone tablets and other controlled substances. Based upon a combination of the controlled substances in her pill box and change purse, Simpson was charged with one count of trafficking in oxycodone, along with two other controlled substance offenses. Simpson subsequently filed a motion to dismiss as to two charges, one of which was trafficking in oxycodone.
In the motion, Simpson alleged that she and her husband had valid prescriptions for the oxycodone in her pill box and change purse, respectively, and that she was the custodian for her ill husband of the oxycodone in her change purse. The State responded with a traverse, specifically denying that Simpson's husband had a valid prescription and that she was the custodian of the oxycodone in her change purse. The State further asserted in its traverse that Simpson's prescription was invalid because she fraudulently obtained it by not telling her prescribing doctor about a previously-issued oxycodone prescription from another doctor. At the conclusion of the hearing on the motion to dismiss, the trial court denied the motion. The court found that Simpson unlawfully obtained her prescription by misrepresentation, constituting fraud. Simpson now appeals the trial court's denial of her motion *778 to dismiss only as to her trafficking in oxycodone charge and contends that the court erred in denying the motion because she legally possessed the oxycodone in her pill box under a valid prescription.
The standard of review of a trial court's denial of a motion to dismiss is de novo. State v. Santiago, 938 So.2d 603, 605 (Fla. 4th DCA 2006) (citing State v. Walthour, 876 So.2d 594, 595 (Fla. 5th DCA 2004)). "A motion to dismiss ... shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss." Fla. R.Crim. P. 3.190(d) (emphasis added).
We affirm the trial court's denial of Simpson's motion to dismiss based on the tipsy coachman rule, see Kennard, 903 So.2d at 245-46, because the State specifically denied in its traverse that Simpson's husband had a valid oxycodone prescription and that she was the custodian for her ill husband of the oxycodone in her change purse, see Fla. R.Crim. P. 3.190(d). At this stage, the State sufficiently traversed, specifically denying two material facts, and the trial court was required to deny the motion to dismiss because the State charged Simpson with only one count of trafficking in oxycodone. Accordingly, we need not address the trial court's conclusion that Simpson unlawfully obtained her oxycodone prescription by misrepresentation.
Affirmed.
HAZOURI, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring specially.
I do not agree that the trial judge correctly denied the motion for the wrong reason. I do agree that he correctly considered the traverse sufficient to defeat the motion to dismiss. This case presents no occasion for the Applegate rule.[2]
Because defendant has entered pleas and been sentenced on the charge, there are no further proceedings to be had. So this case has proceeded beyond the pretrial stage to final judgment. Accordingly I would address defendant's contention that the final sentence from his order denying the motion to dismiss is improper.
In deciding a motion to dismiss a criminal charge, rule 3.190[3] neither requires nor permits the judge to engage in fact finding. The court simply lays the traverse beside the charging document and motion to dismiss, ascertaining whether the traverse properly appears to deny critical facts involved. In this sense it is different from a motion to suppress where the judge is called upon to take testimony and resolve factual conflicts.
The motion to dismiss simply required the judge to make a legal determination about the effect of the traverse. His gratuitous "finding" that defendant was guilty of fraud in obtaining the prescription is a *779 legal nullity. We should strike it from the order.
NOTES
[1] See Kennard v. State, 903 So.2d 244, 245-46 (Fla. 1st DCA 2005) ("[T]he Tipsy Coachman Rule ... provides that an appellate court may affirm a trial court's judgment if the judgment is legally correct, regardless of the trial court's reasoning.").
[2] Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) ("The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used"). For me it is long past the time for retiring that lamentable locution, "Tipsy Coachman Rule." To paraphrase John Ford, when the cliché becomes law, judges seem to print the cliché. It is as dubious and inartful a metaphor as I have ever heard. Anyway it takes less wind or fewer words to say Applegate.
[3] See Fla. R.Crim. P. 3.190(c)(4),(d).