# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1875
Lower Tribunal No. 05-32390
_____

## Elvis Simeon,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Law Offices of Richard Rosenbaum, and Richard L. Rosenbaum (Fort Lauderdale), for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

Elvis Simeon appeals a July 18, 2017 order denying, without an evidentiary

hearing, his Florida Rule of Criminal Procedure 3.850 motion alleging ineffective

assistance of trial counsel.  In the rule 3.850 motion, Simeon alleged that defense counsel provided him with inadequate representation at his October 15, 2015 probation violation hearing.  Although the trial court correctly found that most of the grounds set forth in Simeon's rule 3.850 motion were either refuted by the record or legally incorrect[1], in its July 18, 2017 order, the trial court did not address one facially sufficient ground alleged in Simeon's motion, which, on remand, the trial court should address.

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

In September 2006, Simeon was charged by information with second degree murder with a deadly weapon and possession of a firearm by a convicted felon.  In August 2009, Simeon pled guilty and was sentenced, as a habitual felony offender, to seven years in prison, with a three-year mandatory minimum, followed by six years of probation.  After serving his prison sentence, Simeon started serving his six-year probation on November 1, 2012.

The record reflects that, in July 2015, the State filed an amended affidavit of violation of probation based on technical violations for Simeon's failure to report to his probation officer and for Simeon's moving from his residence without permission.  At the probation revocation hearing, after acknowledging that Simeon "had some mental problems" and that Simeon had been "Baker Act[ed] at some

---

[1] We affirm the denial of these other grounds without discussion.

time," defense counsel stated that Simeon intended to admit to the technical violations. After Simeon was duly sworn and he admitted to the technical violations of his probation, the trial court sentenced Simeon to the twenty-five year mandatory sentence on the underlying convictions (i.e., for second degree murder with a firearm and possession of a firearm by a convicted felon).

In June 2017, Simeon, now represented by different counsel, filed a sprawling, twenty-page rule 3.850 motion asserting multiple grounds.[2] In this sworn motion, Simeon asserted, among other things, that his prior defense counsel was ineffective for failing to investigate and, at the probation violation hearing, offer evidence of, Simeon's mental illness. Specifically, Simeon alleged that he had been "diagnosed as having a bi-polar disorder and a major depressive disorder" for which he had been put on several medications to treat. According to Simeon, he stopped taking his medications for lack of money after he lost his job, and after he was "kicked out of his house." Simeon, therefore, was purportedly not on his prescribed medications when he (a) changed his residence without permission, (b) failed to report to his probation officer, and (c) entered the open plea at his violation of probation hearing. Simeon's rule 3.850 motion asserts that Simeon's counsel was ineffective for failing to adequately investigate and advise

---

[2] Simeon's rule 3.850 motion is labeled as a "Successive Petition for Post-Conviction Relief Based upon Manifest Injustice." We note that this was Simeon's first post-conviction motion in lower tribunal case number 05-32390.

Simeon of possible defenses associated with Simeon's mental health issues. The trial court summarily denied Simeon's motion without addressing this insular claim.

## II.   ANALYSIS[3] AND CONCLUSION

On this record, we conclude that, albeit somewhat buried in his motion, Simeon did raise a facially sufficient claim of ineffective assistance of counsel,[4] and the trial court's order did not address this claim. See Medrano v. State, 892 So. 2d 508, 509 (Fla. 3d DCA 2004) (holding that defense counsel was ineffective for failing to offer evidence of the defendant's mental illness and treatment at the probation violation hearing where the defendant's "mental illness prevented him from willfully or knowingly violating the terms of his probation"). Accordingly, we remand to allow the trial court to address this claim in Simeon's motion.[5] If, on

---

[3] "The standard of review of a summary denial of a rule 3.850 motion is *de novo*." Lebron v. State, 100 So. 3d 132, 133 (Fla. 5th DCA 2012). "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record." Peede v. State, 748 So. 2d 253, 257 (Fla. 1999) (citation omitted).

[4] "A violation that causes a revocation of probation must be both willful and substantial." Copeland v. State, 864 So. 2d 1197, 1199 (Fla. 1st DCA 2004). "[M]ental illness . . . can render a technical violation of probation 'not substantial or willful because a mental . . . . illness can be debilitating to the point that a probationer cannot comply with the terms of probation.'" Id. (quoting Meade v. State, 799 So. 2d 430, 432 (Fla. 1st DCA 2001)).

[5] We express no opinion on the merits of this claim.

4

remand, the trial court denies the claim without conducting an evidentiary hearing, then, in its order, the trial court should attach those portions of the record conclusively showing Simeon is not entitled to relief. <u>See</u> Fla. R. Crim. P. 3.850(f)(5).

Affirmed in part, reversed in part, and remanded.