# Third District Court of Appeal
## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2205
Lower Tribunal Nos. F07-4736, F07-19137, F07-8531, F07-6307

_____

**Erick Ascano,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Kayla Heather McNab, and Daniel Colmenares, Assistant Attorneys General, for appellee.

Before FERNANDEZ, LINDSEY and BOKOR, JJ.

BOKOR, J.

Erick Ascano appeals the revocation of his probation. His sole argument is that the trial court abused its discretion in finding that his violations of the terms of his probation were willful. Finding no abuse of discretion, we affirm.

Ascano does not deny that he improperly left Leon County without notifying his probation officer and committed new law violations in Miami-Dade County, in violation of substantial conditions of his probation. On the other hand, the State does not dispute that Ascano is schizophrenic and has manic-depressive episodes, which he controls with medication. Ascano also testified that his girlfriend had thrown away his medications the week before the violations. Ascano claims that he had been off his medications since that time, including at the time of his violations. Because of this, Ascano argues, he could not understand or control his own actions and thus the violations were not willful. He presented no expert testimony or other corroborating evidence in his defense at the probation revocation hearing, and he also acknowledged that he understood the terms of his probation. The trial court, citing both inconsistencies in Ascano's testimony and a lack of explanation for why he could not simply acquire more medication, found that the violations were willful and revoked his probation.

Although "[i]llness, including mental illness, can render a technical violation of probation not substantial or willful because a mental or physical illness can be debilitating to the point that a probationer cannot comply with the terms of probation," Copeland v. State, 864 So. 2d 1197, 1199 (Fla. 1st DCA 2004) (internal quotation omitted), here, Ascano offers only a conclusory allegation that his mental illness and departure from his medical regimen rose to that "debilitating" level. Importantly, Ascano presented no evidence as to why his condition rendered him unable to comply with his probation or acquire more medication. As the Florida Supreme Court explained: "The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence." State v. Carter, 835 So. 2d 259, 262 (Fla. 2002). In examining the record and noting the lack of evidence to support Ascano's position, we hold that the court did not abuse its discretion in finding the violations willful. See Palma v. State, 830 So. 2d 201, 203 (Fla. 5th DCA 2002) (affirming probation revocation where defendant had bipolar disorder and history of violating probation but knowingly discontinued medication before violations and did not present expert testimony indicating that defendant's condition rendered her incapable of understanding her actions or complying with terms of

3

probation); <u>Chandler v. State</u>, 41 So. 3d 1107, 1109 (Fla. 3d DCA 2010) ("Because the defense failed to offer any expert testimony that Ms. Chandler's mental condition was such that her violation was not willful and substantial, the trial court did not abuse its discretion in concluding Ms. Chandler willfully refused to make the restitution payments, and revoking her probation.").

Affirmed.